**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**JOE FELDER, 02A0644,**

                           **Plaintiff,**

           **-v-**                                    **10-CV-0578(Sr)**

**CORRECTION OFFICER ADAM STECK**
**CORRECTION OFFICER MATTHEW RADEMACHER,**

                           **Defendants.**

---

**<u>DECISION AND ORDER</u>**

           Pursuant to 28 U.S.C. § 636(c), the parties consented to the assignment

of this case to the undersigned to conduct all proceedings in this case, including entry

of final judgment.  Dkt. #12.


           Plaintiff filed this *pro se* action on or about July 14, 2010 seeking relief

pursuant to 42 U.S.C. § 1983 in connection with an alleged excessive use of force

incident that took place on February 24, 2010 while plaintiff was housed at the Attica

Correctional Facility ("Attica").  Dkt. #1.  The parties have been engaged in the

exchange of paper discovery and presently pending is plaintiff's Motion to Compel.  Dkt.

#25.  By this motion, plaintiff reiterates several of his requests for the disclosure of

documents.  Based on the response to the instant motion filed by defendants

Rademacher and Steck (Dkt. #28), defendants have previously responded to these

requests and in certain instances, previously disclosed the requested documents.

Accordingly, for the reasons set forth below, plaintiff's motion is denied.

## FACTS[1]

In the original Complaint, plaintiff alleges that on February 24, 2010, while he was on his way to the messhall, Correctional Officer John Doe, "started cursing at me and I asked him to please stop yelling at me and when we returned he told me to step out of line and after searching me repeatedly punched me about the head and face and before we returned he removed his nameplate off his shirt." Dkt. #1, p.5. With the aid of discovery, plaintiff subsequently identified John Doe as Correctional Officer Adam Steck and sought to amend the complaint to reflect that information. The Court granted plaintiff's request and the Complaint was amended to reflect Correctional Officer Adam Steck as the proper party. As against, defendant Rademacher, plaintiff alleges in his second claim, that on February 24, 2010, defendant Rademacher held plaintiff against the wall with his forearm pushing into his throat and cutting off his oxygen supply while defendant Steck repeatedly punched him. *Id*. at pp.5-6.

As set forth in the instant motion to compel (Dkt. #25), plaintiff requests the following documents and things:

1.  "Any and all grievances, complaints or other documents received by the Defendants or their agents at Attica Correctional Facility concerning mistreatment of inmates by Adam Steck and Matthew Rademacher, and any memoranda, Investigative files or other documents created in response to such document since January 1, 2008."

2.  "Criminal complaints of both defendants Steck and Rademacher."

---

[1] The facts set forth herein are taken from plaintiff's Complaint (Dkt. #1).

3.     "Any log's [sic], list or other documentation reflecting grievances filed against both defendants by Attica inmates from January 1st, 2008 to the date of your response."

4.     "Any and all policies, directives, or instructions to staff concerning the use of force by Attica's staff."

5.     "Copy of Alphabetic employee list of B-Block Officers at Attica on date and time of assault."

Dkt. #25.

With respect to document request number 1, defendants stated that they previously responded to this request and further, defendants state that "the Office of the Attorney General has consulted with the New York State Department of Corrections and Community Supervision ("DOCCS") to arrange for the production of available documents in this case, which will be sent separately."  Dkt. #28, p.2.  Moreover, defendants state that plaintiff was provided with copies of the grievance related to the instant matter in defendants' Rule 26 disclosure on February 7, 2011.

With respect to document request number 2, defendants state that for purposes of responding to this request, defendants interpret the request to be a request for documents related to any criminal charges filed against these defendants for which an indictment was issued.  Moreover, defendants state,

Defendants object to this request in that it seeks information and material which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.  Notwithstanding this objection, any criminal complaints and/or public records relating to the indictment of C.O. Rademacher by the Wyoming County District Attorney

> in December, 2011, are documents of public record, and
> therefore accessible to the plaintiff.   With respect to C.O.
> Steck, defendant Steck has no criminal history or criminal
> reports (as that term has been interpreted for purposes of
> the request above).

Dkt. #28, p.4.


In response to request number 3, concerning any logs relating to grievances filed against both defendants by Attica inmates from January 1, 2008 to the date of the response, defendants state that "DOCCS does not file complaints, including grievances by specific incident, subject matter or employee's name." *Id*. at p.5.  Finally, with respect to document requests 4 and 5 concerning a Use of Force policy and an employee list of B-Block officers for February 24, 2010, respectively, defendants respond that those requested documents were previously provided to the plaintiff.

Accordingly, based on the representations made by counsel for defendants concerning those responses and documents previously supplied to plaintiff, the Court finds there is no basis to grant plaintiff's motion to compel and therefore, plaintiff's motion (Dkt. #25) is denied.

**SO ORDERED.**

DATED:     Buffalo, New York
           September 28, 2012

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**