UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOE FELDER,

                          Plaintiff,

        -vs-                                                      10-CV-578

CORRECTION OFFICER ADAM STECK, and
CORRECTION OFFICER MATTHEW P. RADEMACHER,

                          Defendants.
_____

APPEARANCES:          JOE FELDER, Plaintiff *Pro Se.*

                               HON. ERIC T. SCHNEIDERMAN, ATTORNEY
                               GENERAL OF THE STATE OF NEW YORK,
                               (STEPHANIE JOY CALHOUN, ASSISTANT
                               ATTORNEY GENERAL, OF COUNSEL), Buffalo,
                               New York, Attorneys for Defendants.

**INTRODUCTION**

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. # 12.

Plaintiff, proceeding *pro se,* brought this action pursuant to 42 U.S.C. § 1983 seeking compensatory and punitive damages for the alleged violation of his rights under the Eighth Amendment. Specifically, plaintiff has alleged that he was subjected to the excessive use of force. Currently pending before the court is the defendants' motion for summary judgment. Dkt. # 33.

## BACKGROUND

Plaintiff commenced this action on July 14, 2010 with the filing of a *pro se* complaint pursuant to Title 42 U.S.C. § 1983.[1]  Dkt # 1.  Plaintiff, at the time an inmate at Attica Correctional Facility, alleges that on February 24, 2010 he was punched about the head and face by defendant Steck while being held against a wall by defendant Rademacher.  In an order filed July 26, 2010, plaintiff was granted permission to proceed *in forma pauperis*.  Dkt. # 3.

Answers to the complaint were filed by defendant Rademacher on December 10, 2010 (Dkt. # 4), and by defendant Steck on January 6, 2012.  Dkt. # 26.  Following the parties' exchange of discovery materials, on April 26, 2012, the defendants moved for summary judgment.  Dkt. # 33.  Plaintiff filed a response to the motion on May 30, 2012.  Dkt. # 35.  The court has determined that oral argument is unnecessary.  For the reasons that follow, the defendants' motion for summary judgment is denied.

## FACTS[2]

Plaintiff testified that on February 24, 2010, while returning from the mess hall, he was called out of the line of inmates and told by defendant Steck to stand on the wall.  Dkt. # 33, att. 3, Exh. A, p. 12.  After the rest of the inmates went upstairs,

---

[1]  Plaintiff initially brought the action against "Correction Officer John Doe," as he was unable to identify Defendant Steck.  Following discovery, the caption was amended to specifically name defendant Steck.  Dkt. # 23.

[2]  This factual statement is taken from the plaintiff's deposition testimony (Dkt. # 33, att. 3, Exh. A), the declaration of defendant Rademacher with exhibits (Dkt. # 33, att. 4), the declaration of defendant Steck (Dkt. # 33, att. 5), the declaration of RN Rita Pawlak with exhibits (Dkt. # 33, att. 6), and the plaintiff's declaration (Dkt. # 35).

defendant Steck approached the plaintiff and conducted a pat-down search for weapons. *Id.,* p. 25.  Defendant Steck then instructed plaintiff to turn around, asked plaintiff who he thought he was talking to, and started to punch him. *Id.,* pp. 12, 26. Defendant Rademacher put his forearm into plaintiff's neck to hold him against the wall while defendant Steck continued to punch plaintiff on the side of the head. *Id.* Following this attack, the left side of plaintiff's head was swollen. *Id.,* p. 20.  He spent a night in the infirmary because his blood pressure was elevated. *Id.*  Plaintiff filed a grievance regarding this incident on February 25, 2010.  The grievance was denied, as was the appeal of the denial. *Id.,* p. 21.  Plaintiff stated that he did not experience any long-term physical symptoms or psychological problems as a result of the alleged assault. *Id.,* p. 26.

     Defendant Steck denied that this incident occurred.  Dkt. # 33, att. 5.  He denied pulling plaintiff out of the line of inmates, searching him, or striking or punching him. *Id.,* ¶ 5.  He denied seeing defendant Rademacher or any other Corrections Officer ("CO") holding plaintiff against the wall or using any force whatsoever. *Id.,* ¶¶ 5-6.  While plaintiff filed a grievance regarding the alleged incident, no Use of Force report was filed. *Id.,* ¶¶ 7, 10.

     Likewise, defendant Rademacher denied that the incident occurred.  Dkt. # 33, att. 4.  He denied holding plaintiff against the wall, striking the plaintiff, or witnessing any use of force by defendant Steck or any other CO. *Id.,* ¶ 5.

     In her declaration, RN Rita Pawlak stated that, upon reviewing plaintiff's medical records, she found that plaintiff did not complain of any injuries on February 24, 2010,

but reported the alleged assault approximately two weeks later on March 8, 2010.  Dkt. #33, att. 6, Exh. A.  On March 8, 2010, Nurse Pawlak examined plaintiff and found no evidence of trauma or injury to his head or neck.  *Id.,* ¶¶ 6-10.  Plaintiff's Ambulatory Health Record ("AHR") indicates that on March 2, 2010, plaintiff was admitted to the infirmary for observation related to high blood pressure.  *Id.,* ¶ 12.  There is no indication that plaintiff made any complaint of injury to his head or neck at that time.  *Id.,* Exh. B.

In opposition to the motion, plaintiff reiterated that on February 24, 2010, he was pulled out of line by defendant Steck, searched, and assaulted without warning, while being held against the wall by defendant Rademacher.  Dkt. # 35, ¶ 4.  Plaintiff stated that he complained of his injuries when he was admitted to the infirmary on March 2, 2010, but that it was not noted in the AHR.  *Id.,* ¶ 5.  He also stated that he had bruises from the alleged assault on March 8, 2010, but that Nurse Pawlak privately conferred with a sergeant and later reported no visible injuries.  *Id.*

## DISCUSSION

**Summary Judgment Standard**

Rule 56 provides that, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the language of this Rule has been amended in recent years, the well-settled standards for considering a motion for summary judgment remain unchanged. *See, e.g., Faulkner v. Arista Records*

*LLC*, 797 F. Supp. 2d 299, 311 n.7 (S.D.N.Y. 2011). Under those standards, the party seeking summary judgment bears the initial burden of establishing that no genuine issue of material fact exists. *Rockland Exposition, Inc. v. Great American Assur. Co.*, 746 F. Supp. 2d 528, 532 (S.D.N.Y. 2010), *aff'd*, 445 Fed. Appx. 387 (2d Cir. 2011). A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law . . . ." *Id.*

Once the court determines that the moving party has met its burden, the burden shifts to the opposing party to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). The nonmoving party may not rest upon mere conclusory allegations or denials, but must set forth "concrete particulars showing that a trial is needed . . . ." *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (internal quotation marks and citation omitted) (quoted in *Kaminski v. Anderson*, 792 F. Supp. 2d 657, 662 (W.D.N.Y. 2011)).  In considering whether these respective burdens have been met, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (internal quotation marks and citation omitted).

The court recognizes its duty to "extend extra consideration" to *pro se* plaintiffs and that "*pro se* parties are to be given special latitude on summary judgment motions."

*Bennett v. Goord*, 2006 WL 2794421, at *3 (W.D.N.Y. August 1, 2006), *aff'd*, 2008 WL 5083122 (2d Cir. 2008) (quoting *Salahuddin v. Coughlin*, 999 F. Supp. 526, 535 (S.D.N.Y. 1998)); *see also McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (*pro se* party's pleadings should be read liberally and interpreted "to raise the strongest arguments that they suggest"). "Nevertheless, proceeding *pro se* does not otherwise relieve a litigant from the usual requirements of summary judgment, and a *pro se* party's 'bald assertion,' unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Cole v. Artuz*, 1999 WL 983876, at *3 (S.D.N.Y. October 28, 1999) (citing cases).

**Excessive Force**

The Eighth Amendment to the U.S. Constitution provides that "cruel and unusual punishments [shall not be] inflicted." U.S. Const. amend. VIII. That rule, applicable to the states through the Fourteenth Amendment, *see Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976), is violated by the unnecessary and wanton infliction of pain and suffering. *See Whitley v. Albers*, 475 U.S. 312, 320 (1986). In assessing an inmate's claims that prison officials subjected him to cruel and unusual punishment by using excessive force, courts must determine whether the prison officials acted "in a good-faith effort to maintain or restore prison discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

To prove an excessive force claim, an inmate must satisfy both an objective test and a subjective test. *Hudson,* 503 U.S. at 7-8. Objectively, a section 1983 plaintiff must establish that the force applied was "sufficiently serious" or harmful to establish a constitutional violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v.*

*Seiter*, 501 U.S. 294, 298 (1991) (additional citations omitted); *see also Romano v. Howarth*, 998 F.2d 101, 104 (2d Cir. 1993). This objective component is "contextual and responsive to 'contemporary standards of decency.'" *Hudson*, 503 U.S. at 9. A plaintiff "need not prove 'significant injury to make out an excessive force claim," *Griffin v. Crippen*, 193 F.3d 89, 92 (2d Cir. 1999), but "a *de minimis* use of force will rarely suffice to state a constitutional claim." *Romano*, 998 F.2d at 105. *De minimis* force, even If clearly unpleasant to endure, does not violate the Eighth Amendment where "the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10 (internal quotation marks and citation omitted). Although "some degree of injury is ordinarily required to state a claim," *United States v. Walsh*, 194 F.3d 37, 50 (2d Cir. 1999), the core judicial inquiry is not the extent of the injury sustained, but rather "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy*, -- U.S. --, 130 S.Ct. 1175, 1179 (2010) (quoting *Hudson*, 503 U.S. at 7).

The subjective test for an Eighth Amendment excessive force claim requires the inmate to show that the prison officials "had a 'wanton' state of mind when they were engaging in the alleged misconduct." *Davidson v. Flynn*, 32 F.3d 27, 30 (2d Cir. 1994) (citing *Hudson*, 503 U.S. at 7). When determining whether the subjective test has been satisfied, courts may consider, "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley*, 475 U.S. at 321). "The absence of

serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it." *Id.*

Here, plaintiff alleges he was maliciously attacked with excessive force by defendant Steck while being held against the wall by defendant Rademacher. Plaintiff further alleges that he was bruised and swollen about his head and face as a result of the alleged attack. However, no Use of Force report was filed, and plaintiff did not report any injuries until approximately two weeks later, despite being admitted to the infirmary for high blood pressure approximately one week after the alleged assault. On March 8. 2010, Nurse Pawlak saw no injury to plaintiff's head and no treatment was administered.

Defendants argue that, even if plaintiff's allegations are true, plaintiff has failed to prove that any force used was more than *de minimis* or that his injuries were constitutionally significant. However, plaintiff has alleged that the defendants attacked him, held him against a wall, and repeatedly punched him about the head. He states that the alleged assault was unprovoked and not in response to any security breach or threat. Plaintiff has thus raised a genuine issue of material fact regarding the subjective element of the Eighth Amendment claim. As the Second Circuit stated, where "prison officials use force to cause harm maliciously and sadistically, 'contemporary standards of decency always are violated.... This is true whether or not significant injury is evident.'" *Wright v. Goord,* 554 F.3d 255, 269 (2d Cir. 2009) (quoting *Hudson*, 503 U.S. at 9).

The court recognizes that plaintiff's proof, both of his injuries and of the excessive force incident itself, is weak. Nonetheless, if "a prisoner's allegations and

evidentiary proffers could reasonably, if credited, allow a rational factfinder to find that corrections officers used force maliciously and sadistically," summary judgment is improper "even where the plaintiff's evidence of injury [is] slight and the proof of excessive force [is] weak." *Wright v. Goord*, 554 F.3d at 269. Crediting plaintiff's version of events, as this court must in considering the defendants' motion for summary judgment, *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir. 2003), there is a question of fact whether the use of force was unrelated to any effort to maintain order or discipline. *See Clarke v. Anderson,* 2012 WL 3292879 (W.D.N.Y. August 10, 2012) (despite no visible injuries, summary judgment denied where plaintiff alleged that he was victim of unprovoked assault); *Abascal v. Fleckenstein*, 2012 WL 638977, *6 (W.D.N.Y. February 27, 2012) (despite minor injury, summary judgment denied where plaintiff alleged that CO committed brief but unprovoked assault unrelated to any effort to maintain or restore discipline); *see also Griffin v. Crippen*, 193 F.3d at 90–92 (although plaintiff could offer only his own testimony and evidence of a bruised shin and a swollen left knee in support of his excessive force claim, dismissal was inappropriate because there were genuine issues of material fact concerning whether correction officers, whom plaintiff admittedly assaulted, maliciously used force against him after he was subdued and handcuffed); *Jordan v. Fischer*, 773 F.Supp.2d 255, 272 (N.D.N.Y. 2011) (although plaintiff suffered only minor injury, summary judgment denied where excessive force claims turned on issues of credibility). In so concluding, this court expresses no view on the underlying merits of plaintiff's claim, but notes only that, if successful, "the relatively modest nature of his alleged injuries will no doubt limit the damages he may recover." *Wilkins,* 130 S.Ct. at 1180. Accordingly, the

defendants' motion for summary judgment dismissing the excessive force claim is denied.

**Retaliation**

Although plaintiff has not explicitly alleged a First Amendment retaliation claim, the defendants note that, in his complaint filed July 14, 2010, plaintiff sought relief in the form of "an order of protection to avoid any future retaliation for my lawsuit against Diehl and Hutton." Dkt. #1, p. 6. Defendants argue that plaintiff has failed to establish a *prima facie* case of retaliation and, to the extent that such a claim has been alleged, it should be dismissed. Plaintiff's earlier lawsuit against Corrections Officers Diehl and Hutton, docketed as 10-CV-343, was commenced on April 26, 2010 and was dismissed in a Decision and Order dated December 12, 2012. Given the timing of the events in question, plaintiff could not have reasonably alleged that the assault of February 24, 2010 was in retaliation for the filing of the lawsuit, as the action against Diehl and Hutton had not been commenced at that time. Even assuming that plaintiff filed a grievance against Diehl and Hutton prior to the alleged assault of February 24, 2010, plaintiff has offered no proof of any causal connection between his protected conduct and the alleged retaliatory action. *See Davis v. Goord*, 320 F.3d 346, 352 (2d. Cir. 2003) (a plaintiff asserting a First Amendment retaliation claim must allege (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action). To the extent that plaintiff intended to state a claim for retaliation in violation of the First Amendment, that claim is dismissed.

**Qualified Immunity**

In their motion, defendants argue that they are protected from suit by the doctrine of qualified immunity. The doctrine of qualified immunity "protects prison officials from personal liability [for damages] under § 1983 when their 'conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Horne v. Coughlin*, 155 F.3d 26, 29 (2d Cir. 1998) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To determine whether a constitutional right is "clearly established" courts consider the following factors: "whether the right was defined with reasonable specificity; whether the decisional law of the Supreme Court and the applicable circuit courts supports its existence; and whether, under preexisting law, a defendant official would have reasonably understood that his acts were unlawful." *Horne*, 155 F.3d at 29 (quoting *Rodriguez v. Phillips*, 66 F.3d 470, 476 (2d Cir. 1995)).

The right asserted by the plaintiff, to be free from cruel and unusual punishment in the form of excessive force, is clearly established and the defendants would have reasonably understood that their acts, in allegedly assaulting the plaintiff without provocation and not in response to any security threat or disciplinary issue, were unlawful. The Second Circuit has made clear that, "[w]here the circumstances are in dispute, and contrasting accounts present factual issues as to the degree of force actually employed and its reasonableness, a defendant is not entitled to judgment as a matter of law on a defense of qualified immunity." *Mickle v. Morin*, 297 F.3d 114, 122 (2d Cir. 2002) (internal quotation marks omitted). Accordingly, the defendants' motion for summary judgment on the grounds of qualified immunity is denied.

## CONCLUSION

The defendants' motion for summary judgment on plaintiff's claim of excessive use of force is denied.

**SO ORDERED.**

DATED:   Buffalo, New York
         January 11, 2013

                                                *s/ H. Kenneth Schroeder, Jr.*
                                                **H. KENNETH SCHROEDER, JR.**
                                                **United States Magistrate Judge**